UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE CATENAZZO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. C-04-447 |
| | § | |
| TEXAS REHABILITATION | § | |
| COMMISSION, now renamed TEXAS | § | |
| DEPARTMENT OF ASSISTIVE AND | § | |
| REHABILITATIVE SERVICES and | § | |
| THE STATE OF TEXAS, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND ALTERNATIVE MOTION FOR A NEW TRIAL

Pending before this Court is defendant's Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial (D.E. 63). For the following reasons, the Court denies defendant's motion.

Defendant argues that plaintiff did not engage in a protected activity when he told his immediate supervisor, Jack Mathis, to stop sending sexually explicit emails to his co-worker because plaintiff did not have a good faith belief that the emails were harassment. However, plaintiff testified that he was concerned about the effect that the emails were having on his co-worker and that he knew that the emails were of a sexually explicit nature. It is not necessary for plaintiff to have known the full extent of the emails or conversations for plaintiff to have engaged in a protected activity.

Defendant also argues that the jury did not have a sufficient evidentiary basis to find a causal connection between plaintiff's termination and his complaint of sexual harassment because Jack Mathis did not make the decision to terminate plaintiff. Instead, defendant argues that it was another supervisor, Terry Smith, who made that decision. However, at trial plaintiff introduced a termination letter signed by Jack Mathis. Plaintiff also offered evidence that Jack Mathis consulted with Terry Smith before the decision to terminate plaintiff was made.

Defendant further argues that plaintiff was fired for legitimate, non-discriminatory reasons and that plaintiff would have been fired regardless of whether he complained of sexual harassment. At trial, defendant presented this argument to the jury and the jury rejected it. The Court finds that the jury's decision was reasonable. The evidence at trial established a sufficient evidentiary basis for the jury to conclude that there was a causal connection between plaintiff's protected activity and his termination.

Finally, defendant argues that plaintiff failed to establish that he was entitled to compensatory damages in the amount of $272,500.00. However, the jury's verdict is supported by plaintiff's testimony as well as the expert testimony of plaintiff's psychologist, Dr. Burton Kittay. Therefore, the Court finds that there was a sufficient evidentiary basis for the jury's award and that the award was not clearly excessive.

Accordingly, defendant's Motion for Judgment as a Matter of Law and Alternative

Motion for a New Trial (D.E. 63) is DENIED.

ORDERED this   28   day of July, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE